### William H. Spear *versus* Robert Hooper Junior.

On a submission to arbitrators to determine whether a pew "legally *belongs* to the estate of a testatrix, to those who claim under her, or to the defendant," and if they shall determine that it "legally *belongs* to the estate of the testatrix, or to those who inherited said estate, then the defendant is to deliver to the plaintiff a proper deed of conveyance of all his present interest, right, title or estate in and to the same," the award was, that the pew "*belonged* to and *was* the property of the testatrix *at the time of her decease ;* the arbitrators do therefore award, that the defendant shall deliver to the plaintiff a proper deed of conveyance of all his present interest, right, title and estate in and to the same." *Held,* that the award followed substantially the submission, and that it was sufficient.

Assumpsit upon an award. The plaintiff, for himself and others, claiming under the will of Mary Dunbar, joined with the defendant in a written submission to arbitrators, to determine whether the pew No. 102, in the church in Brattle square, "legally *belongs* to the estate of said Mary Dunbar, to those who claim under her, or to any of them, or to the said Hooper ;" and "if said arbitrators shall determine that said pew legally *belongs* to the estate of said Mary Dunbar, or to those or any of them who inherited said estate, then it is understood and agreed by the parties hereto, that said Hooper is to make and execute and deliver to said Spear a proper deed of conveyance of all his present interest, right, title or estate in and to the same."

The arbitrators " determine and award, that the pew No. 102, in the church &c., *belonged* to and *was* the property of said Mary Dunbar *at the time of her decease ;* they do therefore, secondly, further determine and award, that Robert Hooper junior shall make and execute and deliver to said William H. Spear a proper deed of conveyance of all his present interest, right, title and estate in and to the same."

At the trial, before *Putnam* J., the defendant offered to prove, that Mary Dunbar died in September, 1821, and that the pew had been in the adverse possession of one Bullard and his grantee, the defendant, ever since June, 1821. This evidence was objected to as being the same that had been heard and considered by the arbitrators, and therefore incompetent ; and it was ruled to be inadmissible in this suit.

The defendant contended that the award was void, as not being within the submission, but the judge ruled that it was sufficient and within the submission ; and a verdict was found for the plaintiff.

Spear
*v.*
Hooper.

*Ivers J. Austin,* for the defendant.

*April 4th.*

*Simmons* and *Gay,* for the plaintiff.

SHAW C. J.   The Court are of opinion, that the award did substantially follow and decide the case submitted, not in terms, but in legal effect.   Strict technical objections to an award are not to be favored ;  no precise form is necessary ;  it is to be construed liberally, and the main consideration for the Court is, whether the matter submitted has been substantially considered and finally passed upon and decided by the arbitrators. The question submitted was, whether Spear, and those in behalf of whom he claimed the pew, under Mary Dunbar, or Hooper the defendant, had the better title at the time of the submission.   And the submission provided, that if they found it for the plaintiff, the defendant should convey.   Then by awarding that he should convey, by necessary implication they award that the plaintiff had the better title, at the time of the submission.   Had this stood alone, it would, we think, have been sufficient.   But they also find that it was the property of Mary Dunbar at the time of her decease, and they therefore award that the defendant should convey.   This, in effect and by necessary implication, taken in connexion with the subject matter of the controversy and the evidence which had been given, finds that the pew had continued to be the property of those claiming under Mary Dunbar, at the time of the award.

*April 6th.*

*Judgment on the verdict.*